IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. HAMILTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSHUA A. NOCHIMSON | : | NO. 09-CV-2196 |

O'NEILL, J.                                                                                                              July      , 2009

MEMORANDUM

Plaintiff Richard Hamilton filed a complaint on May 18, 2009 alleging breach of fiduciary duty and conversion by defendant Joshua Nochimson. Presently before me are defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) or to dismiss for lack of personal jurisdiction, plaintiff's response and defendant's reply thereto.

BACKGROUND

Plaintiff is a citizen of Maryland. Defendant is a citizen of Illinois. Plaintiff is a professional basketball player currently playing for the Detroit Pistons. Plaintiff met defendant in 1996 while they were students at the University of Connecticut. They remained acquainted at college through 1999. Plaintiff left college in 1999 to become a professional athlete and was drafted by the National Basketball Association's Washington Wizards. Plaintiff then entered into an agreement with defendant whereby defendant would become plaintiff's personal assistant. In 2002, plaintiff was traded to the Detroit Pistons and both plaintiff and defendant relocated to the Detroit area. In 2003, plaintiff and defendant entered into a new agreement whereby defendant would be plaintiff's business manager.

Plaintiff alleges that from 2003 to 2008 defendant "abused his authority as [plaintiff's] business manager to steal approximately one million dollars from plaintiff." Plaintiff alleges that

defendant made unauthorized use of frequent flyer miles, unauthorized use of a credit card, unauthorized wire transfers from plaintiff's bank account, unauthorized use of checks, and unauthorized receipt and conversion of money received pursuant to an endorsement contract.

## STANDARD OF REVIEW

"For the convenience of the parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The purpose of Section 1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard witnesses, litigants, and the public against avoidable inconvenience and expense." Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp.2d 518, 525-26 (D. N.J. 2000). The moving party bears the burden of establishing the need for a transfer by demonstrating that: "(1) the case could have been bought initially in the proposed transferee forum, (2) the proposed transfer will be for the convenience of the parties, (3) the proposed transfer will be in the interest of the convenience of the witnesses, and (4) the proposed transfer will be in the interests of justice." Miller v. Consol. Rail Corp., 196 F.R.D. 22, 24-25 (E.D. Pa. 2000); see also Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The transfer analysis is not limited, however, to these factors. The decision to transfer venue under 28 U.S.C. § 1404(a) must incorporate "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and the interests of justice will be better served by transfer to another forum." Smithkline Beecher Corp. v. Geneva Pharms., Inc., 2000 WL 217642, at *1 (E.D. Pa. Feb. 11, 2000); quoting Jumara, 55 F.3d at 879.

## DISCUSSION

Defendant argues that this action should be transferred to the Eastern District of

Michigan, because it is the more convenient venue.  Defendant also argues that this court lacks personal jurisdiction over him  Since I will transfer this case to the Eastern District of Michigan, I will not decide the personal jurisdiction question.

A diversity action may be brought "in a judicial district in which a substantial part of the events giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2).  Section 1391 "does not require a majority of the events take place [in the district], nor that the challenged [district] be the best forum for the lawsuit to be venued." Fellner ex rel. Estate of Fellner v. Phila. Toboggan Coasters, Inc., 2005 WL 2660351, at *3 (E.D. Pa. Oct. 18, 2005), quoting Park Inn Int'l, L.L.C. v. Mody Enters., Inc., 105 F. Supp.2d 370, 376 (D. N.J. 2000).  "It is irrelevant that a more substantial part of the events took place in another district, as long as a substantial part of the events took place in [this] district as well." Rodriguez v. Smith, 2005 WL 1484591, at *3 n.5 (E.D. Pa. June 21, 2005), quoting Morris v. Genmar Indus., Inc., 1993 WL 217246, at *5 (N.D. Ill. July 18, 1993).

While the majority of the alleged breach of the fiduciary duty and conversion took place in Michigan, plaintiff is able to point to the occurrence of substantial activity in Pennsylvania.  Defendant spent a portion of each year managing plaintiff's business affairs in Pennsylvania.  Defendant accompanied plaintiff on trips to Pennsylvania for professional basketball games as well as to help run a charity basketball camp in Pennsylvania.  Also, plaintiff alleges that a portion of the unauthorized credit card transactions that took place in Pennsylvania.  While this activity amounted to approximately less than one month out of a given year, it was on a sufficiently regular basis to qualify as a substantial part of events.  See Hayes v. Transcor Am., LLC, 2009 WL 1795309, at *3 (E.D. Pa. June 23, 2009), holding that venue was proper in a case

of prisoner mistreatment, even though only one hour of the alleged six days of mistreatment took place within the district. Thus, venue is proper in this District.

A district court may transfer an action to another district even when venue is proper in the district in which the action was originally brought. 28 U.S.C. § 1404(a). Although it is within the discretion of a district court to decide a motion to transfer under § 1404(a) "based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." Lomanno, 285 F. Supp.2d at 643. Before ordering a transfer, the district court must consider the following factors addressing public and private interests:

> The private interests [] include[]: plaintiff's forum preference as manifested by the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum.)
>
> The public interests [] include[]: the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80, citations omitted.

    A.    Private Interests

        1.    Plaintiff's Choice of Venue

The first of the private factors to consider, the plaintiff's forum preference, is ordinarily "a paramount consideration in any determination of a transfer request." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "[U]nless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed." Gulf Oil Corp. v. Gilbert,

of prisoner mistreatment, even though only one hour of the alleged six days of mistreatment took place within the district. Thus, venue is proper in this District.

A district court may transfer an action to another district even when venue is proper in the district in which the action was originally brought. 28 U.S.C. § 1404(a). Although it is within the discretion of a district court to decide a motion to transfer under § 1404(a) "based on an individualized, case-by-case consideration of convenience and fairness, such motions are not to be liberally granted." Lomanno, 285 F. Supp.2d at 643. Before ordering a transfer, the district court must consider the following factors addressing public and private interests:

> The private interests [] include[]: plaintiff's forum preference as manifested by the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum.)
>
> The public interests [] include[]: the enforceability of the judgment, practical considerations that could make the trial easy, expeditious, or inexpensive, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases.

Jumara, 55 F.3d at 879-80, citations omitted.

    A.    Private Interests

        1.    Plaintiff's Choice of Venue

The first of the private factors to consider, the plaintiff's forum preference, is ordinarily "a paramount consideration in any determination of a transfer request." Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). "[U]nless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed." Gulf Oil Corp. v. Gilbert,

330 U.S. 501, 508 (1947). "However, when plaintiff brings suit in a district other than his home state, his venue choice is entitled to less deference." Fellner, 2005 WL 2660351, at *4 (E.D. Pa. Oct. 18, 2005); citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981); see also Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co., 2005 WL 639278, at *3 (E.D. Pa. Mar. 17, 1981). Plaintiff's home state is Maryland, not Pennsylvania. Since plaintiff does not reside in Pennsylvania this factor is not determinative.

      2.      Defendant's Preference

Defendant's forum choice is "entitled to considerably less weight than [p]laintiff's, as the purpose of a venue transfer is not to shift inconvenience from one party to another." EVCO Tech. and Dev. Co. v. Precision Shooting Equip., Inc., 379 F. Supp.2d 728, 730 (E.D. Pa. 2003). However, in the present matter defendant is not shifting inconvenience on to plaintiff. He has selected a forum in which plaintiff resides for six months of the year. Thus, this factor weighs slightly in favor of transfer. See Coppolla v. Ferrellgas, Inc., 250 F.R.D. 195, 198 (E.D. Pa. 2008), noting that defendant's preference for another forum is a factor weighing in favor of transfer.

      3.      Whether the Claim Arose Elsewhere

"When the chosen forum has little connection with the operative facts of the lawsuit, such that retaining the action conflicts with the interests in efficiency and convenience, other private interests are afforded less weight." Cancer Genetics, Inc. v. Kreatech Biotechnology B.V., 2007 WL 4365328, at *5 (E.D. Pa. Dec. 11, 2007). When the vast majority of the acts giving rise to plaintiff's claims take place in another forum, that weighs heavily in favor of transfer. Hayes, 2009 WL 1795309, at *4.

The events in question are alleged to have taken place from 2003 to 2008.  During this time, plaintiff and defendant both spent at least six months of the year in Michigan.  The contract which gave defendant access to the bank account and credit card at issue was signed in Michigan.  The claim is related to events the majority of which took place in Michigan.  Thus, this factor weighs heavily in favor of its transfer to Michigan.

        4.        Convenience of the Parties as Indicated by Their Relative Physical and Financial Condition

Defendant claims that litigating in Pennsylvania would cause him great financial hardship, given his residence in Illinois, and that Michigan would be a more accessible forum for all parties.  Plaintiff maintains a residence in Michigan for at least six months each year.  This factor weighs in favor of transfer.  Id., noting that defendant's constitutional right to be present at trial weighs in favor of transfer to a venue that is accessible to the defendant.

    B.    Public Interests

The consideration of whether Pennsylvania or Michigan maintains a greater interest in the action weighs significantly in the decision to transfer.  Since plaintiff is not a resident of Pennsylvania, I look to where the majority of events took place in determining which district has a greater local interest.  Idasetima v. Wabash Metal Products, Inc., 2001 WL 1526270, at *3 (E.D. Pa. Nov. 29, 2001); see also Stamford Holding Co. v. Clark, 2002 WL 1040474, at *7 (E.D. Pa. May 23, 2002), transferring a claim of breach of fiduciary duty when plaintiff was not a Pennsylvania resident and the majority of events at issue took place in Connecticut.

While plaintiff alleges that some of the credit card purchases in question were made in the Eastern District of Pennsylvania, that the parties spent some time in Pennsylvania and that the

6

first contract between plaintiff and defendant was formed in Pennsylvania in 1999, this interest is outweighed by Michigan's interests in the litigation.  During the time of the alleged wrongdoing, both plaintiff and defendant spent the majority of their time in Michigan.  The credit card purchases alleged to have been made in Pennsylvania form a very small portion of the overall alleged fraudulent use of the credit card.  Defendant only gained access to plaintiff's bank account and credit card after the parties entered into the new agreement which took place in Michigan and did not have such access under the agreement in Pennsylvania.  The fiduciary duty that defendant allegedly breached stemmed from the Michigan contract rather than the original Pennsylvania contract.  Finally, while plaintiff raises the possibility in his reply memorandum that defendant may also have misappropriated money from a Pennsylvania non-profit organization, that is not alleged in the complaint and therefore need not be considered in deciding whether to transfer venue.  Heide v. Silver Springs Farm, Inc., 2009 WL 1346035, at *3 (W.D. Pa. May 13, 2009), citing In Re Burlington Coat Factory Sec. Lit., 114 F.3d 1410, 1426 (3d Cir. 1997).

The remaining factors:  the convenience of witnesses, the location of books and records, the enforceability of the judgment, public policies and familiarity of the trial judge with the applicable state law were not asserted as weighing for or against transfer by either party, and those factors do not weigh for or against a transfer.[1]

---

[1] Defendant asserts that the Eastern District of Michigan is a preferable forum because it has less court congestion.  Defendant points to the large number of cases filed in the Eastern District of Pennsylvania in 2008.  The Eastern District of Pennsylvania's high number of cases arises out of its large number of multi-district litigations and does not indicate that it is significantly more congested than the Eastern District of Michigan.  The accepted measure of court congestion is the median time from filing to disposition of civil cases in a district.  EVCO, 379 F. Supp.2d at 732.  The Eastern District of Pennsylvania currently ranks second in the nation

Having considered the totality of the factors bearing on the venue in this case, I am persuaded that defendant's motion to transfer should be granted. Neither party is a resident of this district, litigating in Pennsylvania would place a significant burden on defendant while litigating in Michigan would not place a similar burden on plaintiff and most importantly, the majority of the events took place in Michigan and Michigan has a greater local interest in the outcome of this case. I will thus grant defendant's motion to transfer this case to the Eastern District of Michigan

An appropriate Order follows.

---

with a median time of 4.8 months, less than half the median time of the Eastern District of Michigan. Admin. Off. of the U.S. Courts, Annual Report of the Director 174-76 tbl. C-5 (2008). This factor weighs slightly against transfer but is not as significant as the factors weighing in favor of transfer.